# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CAHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No: 4:12CV2090HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Kevin Cahill's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

A grand jury indicted Movant, charging him in a three count indictment with one count of possession of cocaine base with intent to distribute, (Count I), one count of possession of a firearm in furtherance of a drug-trafficking crime, (Count II), and felon in possession of a firearm, (Count III).

On September 8, 2011, Movant entered a plea of guilty to Counts II and III. On November 10, 2011, Movant was sentenced to 60 months on Count II and 12 months on Count III to be served consecutively, for a total term of 72 months.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on November 8, 2012.

## CLAIM FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:** Failure to Credit Time in Custody

**Ground Two**: Double Jeopardy

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson*

*v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can

be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

**Ground One**: Failure to credit jail time

Petitioner claims that he has not received credit for time he spent in custody in federal custody. Respondent is correct that this issue must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 20002). As such, pursuant to 28 U.S.C. § 2241, the proper court is the court sitting in the district in which Petitioner is housed. Petitioner is not being held in this district, and therefore, this Court is without jurisdiction to consider Petitioner's claim. Ground one is denied.

**Grounds Two**: Double Jeopardy

Movant argues that he was prosecuted twice for the same firearm. Respondent is correct. Sections 922(g) and 924(c) require proof of different facts, and as such, are not the same offense. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Howe*, 538 F.3d 820, 824 (8th Cir. 2008) (quoting *Brown v. Ohio*, 432 U.S. 161, 166 (1977)). Accordingly, Petitioner's sentence on these charges does not offend the Double Jeopardy Clause.

## **CONCLUSION**

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## **CERTIFICATE OF APPEALABILITY**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 10th day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE